

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00010-CR

_____

JESSIE ANDERSON PETITE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. C-396-W011793-1432922-A

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

On February 13, 2018, Appellant Jessie Anderson Petite was convicted of capital murder pursuant to a plea bargain. Appellant's request for a forensic DNA testing was denied June 17, 2020. On December 30, 2020, the trial court signed an order recommending that Appellant's writ of habeas corpus application be denied and directing the trial court clerk to transmit its file to the Texas Court of Criminal Appeals.

On January 21, 2021, Appellant filed with this court a "Notice of Appeal for Denial of Writ of Habeas Corpus, D.N.A. Testing." The next day, he filed both an amended notice of appeal under the same title and the form application provided by the Texas Court of Criminal Appeals for a writ of habeas corpus seeking relief from final felony conviction under Code of Criminal Procedure Article 11.07.

We notified Appellant that we had received his "Notice of Appeal for Denial of Writ of Habeas Corpus, D.N.A. Testing" and expressed our concern that we lacked jurisdiction over the appeal because we lack jurisdiction over matters related to postconviction relief from an otherwise final felony conviction.[1] *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court*

_____

[1]To the extent that Appellant actually intended to direct his notice of appeal to the trial court's June 17, 2020 forensic DNA testing order, we would also be without jurisdiction over that appeal because the notice of appeal would be untimely. *See* Tex. R. App. P. 26.2(a) (stating deadline for appeal from appealable orders).

*of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

We informed Appellant that the Texas Court of Criminal Appeals had jurisdiction over Article 11.07 postconviction writs of habeas corpus and that unless he or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal by February 5, 2021, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); 44.3.

Having received no response to our jurisdiction letter, we dismiss the appeal for want of jurisdiction. *See Ater*, 802 S.W.2d at 243.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 11, 2021